UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| AMANDA VERDE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONFI-CHEK, INC. and PEOPLEFINDERSDAAS, INC.<br><br>Defendants. | Case No. 3:21-cv-50092<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Amanda Verde ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendants Confi-Chek, Inc., and PeopleFindersDaaS, Inc. ("PeopleFinders" or "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF ACTION**

1. Defendants own and operate a website that sells "background reports" on people to the general public.

2. Defendants sell their reports on their website: www.peoplefinders.com.

3. Upon accessing PeopleFinders' website, the public-at-large is free to enter the first and last name of a particular individual via a search bar on the homepage.

4. After entering this information, any public user of PeopleFinders' website is provided with a listing of search results. Each search result corresponds to an actual person that PeopleFinders has located who matches the name provided by the public user.

5. These search results provide a limited, free preview of Defendants' "Reports." As shown in the images below, this free preview includes the searched individual's name, age, current and former cities, the searched individual's relatives, and other identifying information:





6. As shown in the above, PeopleFinders' free preview provides enough information to identify an individual.

7. The purpose behind PeopleFinders' free preview is singular: to entice users to purchase Defendants' services. These services include "Phone Number" and "Criminal Check" relating to individuals on its database.

8. Defendants use these free previews to advertise their monthly subscription services whereby a user can access and retrieve a "Search Report" or "Background Report" on any individual in its database.

9. In order for a user to view a person's "Profile" or other background histories generated by the Defendants, a user needs to purchase Defendants' services. Clicking on "Continue," in the above images leads users to a pay screen which presents them with an option to pay for PeopleFinders report or monthly subscription services.

10. PeopleFinders' most popular monthly subscription for Background Reports costs $29.95 per month to access and search anyone on its database.

11. PeopleFinders' monthly subscription allows users to obtain background reports using its services on an unlimited number of individuals per month.

12. PeopleFinders' most popular monthly subscription for Search Reports costs $24.95 per month.

13. PeopleFinders' monthly subscription for Search Reports allows users to access information like current residence and phone number.

14. Defendants compile and generate the content they sell on their website. According to Defendants: "[Y]ou can find in-depth and up-to-date information on just about every adult in the U.S. via a search on PeopleFinders."

15. Neither Plaintiff nor class members provided Defendants with written consent to use their identities in Defendants' advertisements. As detailed above, PeopleFinders uses class

3

members' identities to advertise its for-profit services. Thus, Defendants violate the Illinois Right of Publicity Act ("IRPA"), 765 ILCS 1075/1, *et seq*.

16. It would be simple for Defendants to maintain their business model while still complying with state law. For example, Defendants could merely display the names of the searched individuals – without more identifying information – in their advertisements for their services.

17. PeopleFindersDaaS and Confi-Chek purposefully subject themselves to jurisdiction in this Court by knowingly searching and obtaining private and public records and/or identifying information on Illinois residents. Indeed, this lawsuit revolves around Defendants' business practice of acquiring identifying information about Illinois residents with the specific intent of selling that information to its customers.

18. Additionally, PeopleFindersDaaS and Confi-Chek directly sell their services to consumers in Illinois.

## PARTIES

19. Plaintiff Amanda Verde is a citizen of Illinois who resides in Loves Park, Illinois.

20. Defendant PeopleFindersDaaS, Inc. is a California corporation with its principal place of business located in Sacramento, California.

21. Defendant Confi-Chek, Inc. is a California corporation with its principal place of business located in Sacramento, California.

## JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiff, together with most members of the proposed class, are citizens of states different from PeopleFindersDaaS and Confi-Chek.

23. This court has specific personal jurisdiction over Defendants because PeopleFindersDaaS and Confi-Chek purposely advertise their product in this district using

Plaintiff's personal information and Plaintiff's injury resulted from Defendants' purposefully directed activities in this district.

24. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff lives in this District which is also the primary location of her injury.

## FACTS COMMON TO ALL CAUSES OF ACTION

25. Plaintiff Amanda Verde discovered that PeopleFindersDaaS and Confi-Chek use her name, age, city of domicile, and the identity of her relatives in advertisements on the PeopleFinders website to advertise and/or actually sell Defendants' products and services. These advertisements were the same or substantially similar to those shown in Paragraph 5.

26. Plaintiff Verde believes that it is reasonable for others to identify her because Defendants' advertisements include accurate details about her.

27. Indeed, Plaintiff Verde can confirm that the individual Defendants identified in paragraph 5 is herself.

28. Plaintiff Verde never provided PeopleFindersDaaS or Confi-Chek with consent to use any attribute of her identity in any advertisement or for any commercial purposes.

29. Plaintiff Verde is not and has never been a PeopleFinders customer. She has no relationship with PeopleFindersDaaS or Confi-Chek whatsoever.

30. As the subject of a commercial transaction, Plaintiff Verde's personal identifiable information disclosed by Defendants has economic value. These aspects of Plaintiff Verde's identity are valuable to online advertisers among others.

31. Plaintiff Verde has not been compensated by PeopleFindersDaaS or Confi-Chek in any way for its use of her identity.

## CLASS REPRESENTATION ALLEGATIONS

32. Plaintiff seeks to represent a class defined as all Illinois residents who have appeared in an advertisement preview for a PeopleFinders report (the "Class").

33. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class number in the millions. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

34. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to:

    a. Whether PeopleFindersDaaS and Confi-Chek use class members' names and identities in advertisements for its own commercial benefit;

    b. Whether the conduct described herein constitutes a violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*;

    c. Whether Plaintiff and the class are entitled to injunctive relief;

    d. Whether Defendants were unjustly enriched; and

    e. Whether Defendants violated the privacy of member of the class.

35. The claims of the named Plaintiff are typical of the claims of the Class.

36. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members they seek to represent, she has retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

37. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of the Class. Each individual Class member may lack the resources to

undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues. Defendants have acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

## COUNT I
### Violation of the Illinois Right of Publicity Act 765 ILCS 1075/1, *et seq.*

38. Plaintiff incorporates by reference and re-alleges herein all paragraphs alleged above.

39. Plaintiff brings this claim individually and on behalf of the members of the Class.

40. The Illinois Right of Publicity Act prohibits using a person's name, photograph, image, or likeness for the purpose of advertising or promoting products, merchandise, goods, or services without written consent. *See* 765 ILCS 1075/1, *et seq*.

41. As shown above, PeopleFindersDaaS and Confi-Chek used Plaintiff's and the putative class members' names and likenesses for the purpose of advertising or promoting its products without written consent.

42. Based upon PeopleFindersDaaS and Confi-Chek's violation of the Illinois Right of Publicity Act, Plaintiff and class members are entitled to (1) an injunction requiring PeopleFindersDaaS and Confi-Chek to cease using Plaintiff's and class members' names and any attributes of their identities to advertise its products and services, (2) the greater of any award of actual damages (including profits derived from the unauthorized use of Plaintiff's and class

7

members' names and identities) or statutory damages of $1,000 per violation to the members of the class, (3) an award of punitive damages, and (4) an award of costs and reasonable attorneys' fees under 765 ILCS 1075/40-55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

a. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent members of the Class;

b. For an order declaring the Defendants' conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e. For prejudgment interest on all amounts awarded;

f. For an order of restitution and all other forms of equitable monetary relief;

g. For all injunctive relief the court finds appropriate; and

h. For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues so triable.

Dated: March 2, 2021 Respectfully submitted,

**NICK LARRY LAW LLC**

By: <u>*s/ J. Dominick Larry*</u>

J. Dominick Larry
8 S Michigan Ave, Suite 2600
Chicago, IL 60603
Tel: (773) 694-4669
Fax: (773) 694-4691
E-Mail: nick@nicklarry.law

**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*Pro Hac Vice* Forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: pfraietta@bursor.com

*Attorneys for Plaintiff*